UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-cv-357-RGJ
**ELECTRONICALLY FILED**

THERESA PADGETT and DAVID PADGETT PLAINTIFFS

VS. **ANSWER TO COMPLAINT**

THE COUNTY OF MEADE, KENTUCKY DEFENDANTS
and
JOHN DOE NOS. 1-X, in their individual and official capacities

******************************

Comes Defendant, THE COUNTY OF MEADE, KENTUCKY, by counsel, and for its Answer to Plaintiffs' Complaint, states as follows:

1. That the Complaint fails to state a cause of action upon which relief may be granted.

2. That Plaintiffs' claims are barred in whole or in part by estoppel, laches, contributory negligence, the applicable statute(s) of limitation, wavier, collateral estoppel, res judicia and any other matter constituting an avoidance or affirmative defense.

3. That Plaintiffs' claims against this Answering Defendant, THE COUNTY OF MEADE, KENTUCKY, are barred in whole or in part by sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege of Defendant THE COUNTY OF MEADE, KENTUCKY, as a political subdivision of the Commonwealth of Kentucky and said sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege is limited, qualified and/or absolute.

4. That any allegation not herein specifically admitted is hereby denied.

5. That this Answering Defendant admits the allegations contained in paragraphs 2, 4, 27, 29, 30, 34, 36, 37 and 44.

6. That this Answering Defendant denies the allegations contained in paragraphs 1, 18, 25, 35, 38, 39, 46, 47, 48, 49, 50, 52, "63," "64," "65," "66," "67," "68," "69," "70" and "71."

7. That the allegations in paragraphs 41 and 42 do not require a response; however, to the extent that they attempt to impose liability upon this Answering Defendant, same is denied.

8. That this Answering Defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraphs 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20a-b, 21, 22, 23, 24,26, 28, 32, 33, 43 and 45; therefore, it denies same.

9. That any allegation not herein specifically admitted is hereby denied.

10. Any award of punitive damages against the Defendant is prohibited in whole or in part as an arbitrary deprivation of property in violation of 5th, 6th, 8th and the due process clause of the 14th Amendment to the Constitution of the United States. Such an award would also violate KRS Chapter 411 and Sections 1, 2, 14 and 17 of the Kentucky Constitution, which require due process of law and protection against arbitrary or excessive awards of punitive damages.

11. The claim of Plaintiffs for punitive damages cannot be sustained because an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the 14th Amendment to the United States Constitution and under Section 2 of the Kentucky Constitution.

12. Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages under Kentucky law without bifurcating the trial of all punitive damages issues would violate the Defendant's due process rights guaranteed by the 14th Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

13. Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damage award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate the Defendant's due process and equal protection rights guaranteed by the 14th Amendment to the United States Constitution and the double jeopardy clauses of the 5th Amendment as incorporated into the 14th Amendment and by Sections 23, 13 and 17 of the Kentucky Constitution.

14. Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Kentucky law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Kentucky law would violate the Defendant's due process right guaranteed by the 14th Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

15. Plaintiffs' claim for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Kentucky law without the same protections that are afforded to all criminal Defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Defendant's rights under the 14th Amendment to the United States Constitution and the 4th, 5th, and 6th Amendments as incorporated into the 14th Amendment and by Sections 2, 10, 11, 13 and 4 of the Kentucky Constitution.

16. That this Answering Defendant incorporates by reference and adopts as part of its Answer all appropriate defenses set forth in the Federal Rules of Civil Procedure 8 and 12 insofar as future discovery in this case reveals facts or information such that said defenses are appropriate and it reserves its right to amend its Answer to expressly plead all such defenses or permits its Answer to conform to the evidence.

WHEREFORE, Defendant THE COUNTY OF MEADE, KENTUCKY, by counsel, hereby demand as follow:

1. That the Complaint be dismissed, with prejudice, and Plaintiffs THERESA PADGETT and DAVID PADGETT recover nothing thereby;

2. For its cost herein and expended, including reasonable attorney fees;

3. For trial by jury; and

4. For any and all further relief to which it may appear entitled.

*/s/ Robert K. Bond*

ROBERT K. BOND
LOCHMILLER BOND
514 N. MULBERRY STREET
P.O. BOX 826
ELIZABETHTOWN, KY 42702-0826
(270) 900-1248
rkbond@lbatty.com
ATTORNEY FOR DEFENDANT COUNTY OF MEADE, KENTUCKY

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2024, I electronically filed the foregoing with the Clerk of the Court by using the ECF document filing system of the Western District of Kentucky.

Zachary J. Smith
P.O. Box 75310
Fort Thomas, KY 41075
ajsmithlaw@protonmail.com
Attorney for Plaintiff

Robert A. Winter, Jr.
P.O. Box 175883
Fort Mitchell, KY 41017-5883
robertawinterjr@gmail.com
Attorney for Plaintiff

*/s/ Robert K. Bond*
ROBERT K. BOND