UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THERESA PADGETT ET AL                                Plaintiff

v.                                                                    Civil Action No. 3:24-CV-357-RGJ

THE COUNTY OF MEADE, KENTUCKY                  Defendant
ET AL

\* \* \* \* \*

## SCHEDULING ORDER

Based on the Joint Report of the Parties' Planning Meeting [DE 11], it is hereby **ORDERED** the following deadlines and conditions shall be observed in this action:

(1)     **Fact Discovery**.

       a) Initial disclosures pursuant to Rule 26(a)(1) have been completed;

       b) Pursuant to Rule 34, the following conditions shall apply to discovery of electronically stored information (ESI): ESI shall be produced in searchable PDF format unless otherwise agreed on by the parties;

       c) Any motion to amend pleadings or motion to join additional parties shall be filed no later than **March 31, 2025**;

       d) The parties are under a continuing duty under Rule 26(e) to supplement their disclosures and responses whenever reasonably appropriate;

       e) Fact discovery shall be completed no later than **April 30, 2025**.

(2)     **Expert Discovery**.

       a) Identification of experts in accordance with Rule 26(a)(2) shall be due no later

           i. By Plaintiff:           no later than **June 30, 2025**;

           ii. By Defendant:        no later than **August 29, 2025**;

      b) At the time expert reports and supplementation of the reports are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty days shall be provided;

      c) All discovery shall be completed by **October 31, 2025**.

(3) **Dispositive and Expert Motions**. No later than **January 30, 2026**, counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The party filing the last pleading in response to such motions shall notify the Court by email to the Court's Deputy, Ms. Andrea Morgan by email at andrea_morgan@kywd.uscourts.gov, with copies to opposing counsel, that the motions are ripe for decision. Applications for extensions of time will be granted only upon good cause shown.

(4) **Pretrial Conference**. This matter is assigned for a Pretrial Conference before the trial judge on **July 28, 2026 at 1:30 p.m.** at the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

      a) No later than **twenty-one (21) days before the Pretrial Conference**, counsel shall file:

            i. a list of witnesses in accordance with the Fed. R. Civ. P. 26(a)(3). The witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P. 26(a)(3)(A) and shall identify all witnesses who will testify by deposition, specifying the portions of such deposition testimony that will be used at trial, in accord with Fed. R. Civ. P. 26(a)(3)(B). The

    witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered;

ii. an exhibit list in accordance with the Fed. R. Civ. P. 26(a)(3). The exhibit list shall include any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements) and shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof;

iii. any appropriate motions *in limine*;

iv. the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the court is necessary prior to trial. **Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the court shall be deemed to be summarily overruled**;

v. a pretrial memorandum brief containing a succinct statement of the facts of the case, the issues of fact to be resolved at trial, the disputed issues of law that must be resolved in connection with the trial, and a brief summary of the party's position on each disputed issue of fact or law;

vi. proposed agreed jury instructions and verdict forms. Counsel shall exchange drafts of instructions and verdict forms in advance and endeavor to agree; in the absence of agreement, separate instructions

        and verdict forms shall be filed, by the same deadline, including citation to supporting authorities; and

    vii. proposed *voir dire* questions for the Court's use and a joint statement of the case that may be read to the jury panel during *voir dire*.

b) **No later than fourteen (14) days before the Pretrial Conference**, the parties shall file:

    i. written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, **shall be deemed waived unless excused by the court for good cause shown**;

    ii. responses to any other party's motion *in limine*; and

    iii. responses to any other party's motion for a ruling on any objection made in an evidentiary deposition.

c) At the Pretrial Conference, counsel for the parties shall be prepared to:

    i. discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

    ii. disclose any demonstrative or summary exhibits intended for use at trial;

    iii. display to the court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule.  Counsel shall

provide the court with a copy of all documentary exhibits. **Failure to disclose exhibits to the Court and to opposing counsel at the Pretrial Conference shall be subject to sanctions unless good cause is shown**;

    iv. discuss the possibility of settlement; and

    v. advise the Court of anticipated technological issues that may arise at trial.

d) The Pretrial Conference shall be attended by all attorneys who will be trying the case along with the parties and/or representatives.

(5) **Trial.** This action is hereby set for a jury trial on **August 17, 2026 at 9:30 a.m.** at the Gene Snyder United States Courthouse, Louisville, Kentucky. Counsel should be present in the courtroom by 9:00 a.m. The Western District of Kentucky's plan for the qualification and random selection of jurors, General Order 2013-02, is available on the Court's website at https://www.kywd.uscourts.gov/jury-info. Pursuant to Section 5.02 of the Plan, "the names of persons assigned to individual petit jury panels, as well as the contents of their juror qualification questionnaires, may be disclosed to the parties seven days prior to the trial date unless otherwise ordered by the court."

(6) **Discovery Disputes**. **Motions on discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his or her chambers.** Before filing any discovery motion, all counsel must do two things. First, make a good-faith effort to resolve the dispute. *See* Local Rule 37.1. The Court will not entertain discovery motions unless counsel have conferred or attempted to confer with opposing counsel or other affected parties. Second, contact the Magistrate Judge to schedule

5

a telephonic conference concerning the discovery dispute counsel have failed to resolve. Counsel shall email Case Manager Ashley Henry at ashley_henry@kywd.uscourts.gov to identify the dispute and schedule the conference, copying all counsel of record. The email should not contain substantive legal arguments or recitations of the underlying facts, and should treat opposing counsel with respect and professional courtesy. **At least 24 hours before the conference, or sooner if directed by Ms. Henry, the parties shall submit via email brief memoranda (limited to 5 pages) outlining the dispute more thoroughly.** If the dispute persists after the telephonic conference with the Magistrate Judge, the moving party may submit a written motion. The motion must certify that, and explain how, counsel have conferred in good faith but remain unable to resolve the dispute.

(7) **Deadline Extensions. No extensions of the deadlines set in this order, or any deadline set by the Federal Rules of Civil Procedure, shall be granted unless an appropriate motion is filed prior to expiration of the deadline in question, and upon a showing of good cause beyond the control of counsel in the exercise of due diligence**. **In the event all parties agree to extend a deadline set in this order, or a deadline contained in the Federal Rules of Civil Procedure, the parties must file a joint motion attaching the agreed order.  This provision shall prevail over Joint Civil Local Rule 7.1 regarding motions to the extent inconsistent therewith.**

(8) A telephonic status conference is scheduled for **September 16, 2024 at 1:00 p.m.** before the Honorable Regina S. Edwards, United States Magistrate Judge. To participate in the conference, counsel shall use the following dial in information: 1-888-808-6929, Access Code 2887606. Counsel is advised that the Court is setting this conference telephonically as a convenience to and cost-saving measure for the Parties. But the telephonic conference is still a

6

court proceeding for which the Court expects counsel to appear on time. Counsel is cautioned that non-appearance may result in the proceeding being rescheduled for an in-person conference that counsel of record must attend and/or the issuance of sanctions pursuant to Fed. R. Civ. P. 16(f).

Date: August 14, 2024                **ENTERED BY ORDER OF COURT:**
**REGINA S. EDWARDS, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
**JAMES J. VILT, JR., CLERK**
                         **By:  /s/  *Ashley Henry***
                                **Deputy Clerk**

Copies to:        Counsel
                  Jury Administrator